

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JASON A. TRISLER, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:09CV404-HEH
)
DANIEL T. MAHON, *et al.*, )
)
Defendants. )

MEMORANDUM OPINION
(Adopting Report and Recommendation and Dismissing Action)

Plaintiff, a Virginia inmate, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130,

1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Analysis

Plaintiff seeks injunctive relief and damages from Defendants for violating his right to access the courts.[1] Plaintiff claims that, on November 20, 2008, he attempted to file a petition for a writ of habeas corpus with the United

---

[1] Plaintiff is suing Daniel T. Mahon, Warden of Haynesville Correctional Center ("HCC"); R.O. Brown, HCC Institutional Ombudsman; B. Jester, HCC Institutional Business Manager; and M. Dawson, an HCC employee.

States District Court for the Eastern District of Virginia. On or about December 3, 2008, the petition was returned to Plaintiff from the Haynesville Correctional Center ("HCC") mail center for insufficient funds. Although Plaintiff's account contained funds sufficient to pay the required postage, Defendant Jester denied Plaintiff's request to purchase postage because it would have left Plaintiff's account with less than the required balance of ten dollars.

Plaintiff filed an informal grievance on December 4, 2008. On approximately January 7, 2009, Defendant Brown told Plaintiff that his grievance would be denied. On January 21, 2009, Plaintiff received a formal denial from Defendant Mahon. On January 23, 2009, Plaintiff appealed his grievance. On February 9, 2009, the Regional Director of the Virginia Department of Corrections determined that Plaintiff's grievance was founded. On March 7, 2009, Plaintiff resubmitted his habeas petition. On March 23, 2009, the Court received Plaintiff's habeas petition, which is currently pending. *Trisler v. Mahon*, 3:09cv00167 (E.D.Va.).

Inmates have a constitutional right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). In order to plead a backward-looking denial of access to the courts claim, a plaintiff must identify with specificity a non-frivolous legal claim that he was prevented from litigating by the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 353 n.3. The "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions . . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." *Godfrey v. Washington County, VA, Sheriff*, No. 7:06-cv-00187, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007) (citing *Lewis*, 518 U.S. at 354). Here, Plaintiff has not shown that Defendants denied him an opportunity to litigate his claims.[2] Accordingly, it is RECOMMENDED that Plaintiff's claims for damages be DISMISSED.

On July 14, 2009, Plaintiff informed the Court that he had been transferred from HCC to Indian Creek Correctional Center ("ICCC"). Plaintiff does not suggest that ICCC staff have delayed any filings by Plaintiff, or that they are likely to do so in the future. Accordingly, it is RECOMMENDED that Plaintiff's demand for injunctive relief be DENIED as moot. *See LaFaut*

---

[2] The Respondent in Plaintiff's habeas action has not argued that the petition is untimely.

3

*v. Smith*, 834 F.2d 389, 395 (4th Cir. 1987); *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977).

(December 8, 2009 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. More than fourteen days have elapsed, and Plaintiff has not filed objections or an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which Plaintiff does not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

Plaintiff having no objections, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 28, 2010
Richmond, Virginia

5